## Case No. 10,064.

### NEAFIE et al. v. CHEESEBROUGH.

[14 Blatchf. 313.] [1]

Circuit Court, E. D. New York. Sept. 11, 1877.

REFERENCE—CONCLUSIVENESS OF REPORT—JUDGMENT ENTERED—NEW TRIAL.

An order of reference, made on consent, in an action at law, provided that the cause be referred to H. to hear and determine all the issues thereof, and that the report of the referee have the same effect as a judgment of the court, and that, on filing such report with the clerk of the court, judgment be entered in conformity therewith, "the same as if the cause had been tried before the court." On the report, judgment was entered for the defendant, for costs. The plaintiff moved for a stay of proceedings, under section 987 of the Revised Statutes, with a view of applying to the court to grant a new trial: *Held*, that the court had no power to grant a new trial.

[Distinguished in Robinson v. Mutual Benefit Life Ins. Co., Case No. 11,961.]

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]

[This was an action by Jacob G. Neafie and others against Charles A. Cheesebrough.]

Augustus C. Fransioli, for plaintiffs.

Frank E. Blackwell, for defendant.

BENEDICT, District Judge. This case comes before the court upon a motion for a stay of proceedings, after judgment entered. The case, which is an action at law, was referred by consent, and has been heard and determined by the referee. Upon the referee's report, judgment has been entered in favor of the defendant, for $155.80, costs. The plaintiffs desire to apply to the court to grant a new trial, and, for that purpose, now move for a stay of proceedings, under section 987 of the Revised Statutes. The defendant objects to the stay, upon the ground that the court has no power to grant a new trial after judgment entered upon the report of a referee, made upon such a consent as was given in this case.

The objection of the defendant appears to be well taken. The consent under which the reference was ordered, and to which the order of reference conforms, provides, that the cause be referred to Henry E. Howland, to hear and determine all the issues thereof, and that the report of the referee have the same effect as a judgment of the court. According to this consent and order, the decision of the referee, and not the decision of the judge, is to determine the judgment to be entered. That such a reference may be made has been expressly decided by the supreme court (Heckers v. Fowler, 2 Wall. [69 U. S.] 123); but I find no authority to grant a new trial after judgment has been duly entered upon the report of a referee authorized to hear and determine the cause.

It is supposed by the counsel for the plaintiffs that section 987 of the Revised Statutes confers upon the court the power to grant a new trial after judgment, in all cases when the trial is by the court, and he contends, that, inasmuch as, in this case, the consent and order of reference provide, that, on filing the report of the referee with the clerk of the court, judgment shall be entered in conformity therewith, "the same as if the cause had been tried before the court," therefore, the power to grant a new trial after judgment exists here, by virtue of section 987. But, this provision in the consent and order merely relates to the action of the clerk in entering judgment as of course, upon the referee's report, without application to the court. It does not change the character of the proceeding, nor make the trial other than a trial before a referee instead of the court. It cannot have the effect to bring the case within the scope of section 987, for, plainly, there has been neither a verdict nor a finding of the court upon the facts.

My conclusion being that the court has no power to grant a new trial, it follows that the stay asked for cannot be granted.